IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CALLIE LAVETA TRAIL, ET AL.                                                        PLAINTIFFS

vs.                                      CASE NO. **2:06CV00223GH**

AMW CONTRACTING, LLC., ET AL.                                                  DEFENDANTS

## **ORDER**

Pending before the Court is the motion of Hillwood Construction Services, LP, ("Hillwood") to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Hillwood contends that the amended complaint should be dismissed for lack of personal jurisdiction because Hillwood does not have sufficient contacts with the State of Arkansas. It further contends that the case should be dismissed for lack of venue.

The cause of action arises from an accident occurring in the states of Mississippi. Plaintiffs, who are residents of St. Francis County, Arkansas, filed the action in the circuit court of St. Francis County, Arkansas. Defendant AMW Contracting, LLC, removed the case on the basis of diversity jurisdiction.

Plaintiffs allege that plaintiff Callie Laveta Trail was following defendant AMW's vehicle, which was traveling slowly through a construction zone. Hillwood had placed barriers on either side of the highway, thereby narrowing the highway. Plaintiffs contend that as a result of Hillwood's negligence, combined with that of the driver of the AMW vehicle in driving an overly wide load, a serious collision resulted in Callie Laveta Trail was injured.

Hillwood states that it is domiciled in Texas, that it has never conducted business in Arkansas, has never solicited business in Arkansas, never had an agent for service of process registered in Arkansas, and never had an office in Arkansas. Plaintiffs have not responded to the motion to dismiss.

-1-

There are two theories for finding personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Specific jurisdiction can be found if the controversy is "related to" or "arises out of" a defendant's contacts with the forum state. *Id.* at 414. General jurisdiction exists where the contacts between the defendant and the forum state are "continuous and systematic" even if there is no relationship between the contacts and the cause of action. *Id.* at 415. Additionally, the plaintiff must establish that a "substantial connection" exists between the defendant and the forum state. *Porter v. Berall*, 293 F. 3d 1073, 1075 (8th Cir. 2002).

As stated above, plaintiffs have not responded to Hillwood's motion to dismiss. Plaintiffs have not alleged facts that would support a finding of either specific jurisdiction or general jurisdiction. It is clear that Hillwood does not have any contacts with the state of Arkansas sufficient to attain the level of "minimum contacts" required for the Court's assertion of personal jurisdiction over Hillwood.

Accordingly, the motion to dismiss is granted. Hillwood is dismissed as a defendant in this action.

IT IS SO ORDERED this 20th day of March, 2007.

_George Howard, Jr._
UNITED STATES DISTRICT JUDGE